### GAY v. STATE. (6 Div. 666.)

(Court of Appeals of Alabama. Jan. 19, 1926. Rehearing Denied Feb. 9, 1926.)

1. **Criminal law ⬅1116—Where record did not contain plea of misnomer nor evidence on trial of such issue, or adverse ruling of court thereon, question was not presented for consideration on appeal.**

Where record did not contain plea of misnomer nor evidence adduced on trial of such issue, and no adverse ruling of court thereon was shown, question was not presented for consideration on appeal.

2. **Intoxicating liquors ⬅238(1)—Evidence held sufficient to take case to jury in prosecution for possessing still.**

Evidence *held* sufficient to take case to jury in prosecution for possessing still, where defendant denied his identity when accosted by sheriff at his home near such still.

3. **Criminal law ⬅753(2).**

Where jury question is presented, trial court *held* without authority to direct verdict for defendant.

4. **Criminal law ⬅363—Evidence of size and kind of still found near home of defendant in prosecution for possessing still held part of res gestæ.**

State may prove size and kind of still found near home of defendant in prosecution for possessing still, since this is part of res gestæ.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Criminal law ⟐⟐782(1)—Refusal of charge that same rules of evidence applied in liquor cases as in all other criminal cases held not error, where court properly and explicitly stated measure of proof.**

Refusal of charge that same rules of evidence applied in liquor cases as in all other criminal cases *held* not error, where court properly and explicitly stated to jury measure of proof involved in case.

**6. Criminal law ⟐⟐782(1)—Charge that same rules of evidence applied in liquor cases as in "all other criminal cases" held objectionable, in that it authorized and required jury to ascertain and refer to rules of evidence in all other criminal cases.**

Charge that same rules of evidence applied in liquor cases as in "all other criminal cases" *held* objectionable, in that it authorized and required jury to ascertain and refer to rules of evidence in all other criminal cases.

**7. Criminal law ⟐⟐829(16)—Refusal of charge as to bias or interest of witness, fairly and substantially covered by oral charge and specifically covered by charge given at defendant's request, held not error.**

Refusal of defendant's requested charge as to bias or interest of witness, which was fairly, and substantially covered by oral charge and specifically covered by charge given at defendant's request, *held* not error.

**8. Criminal law ⟐⟐829(18)—Refusal of charges relative to reasonable doubt held not error, where such subject was fully covered in oral charge.**

Refusal of charges relative to reasonable doubt *held* not error, where such subject was ably and fully covered in court's oral charge.

**9. Criminal law ⟐⟐1086(11), 1091(12)—Oral charge and given and refused charges should be incorporated in record proper, but need not also appear in bill of exceptions.**

Oral charge of court and given and refused charges should be incorporated in record proper on appeal, but need not also appear in bill of exceptions, though exceptions reserved to any portion of oral charge should properly appear in bill of exceptions.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Alph, alias Alphus, Gay was convicted of possessing a still, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Gay v. State, 214 Ala. 677, 108 So. 619.

Charge 4, refused to defendant is as follows:

"(4) I charge you, gentlemen of the jury, that the same rules of evidence apply in cases involving the violation of the prohibition laws in its several phases as it does in all other criminal cases, and there should be no differentiation in the application of these rules simply because the accused is charged with this character of offense, in this case."

W. E. James, of Cullman, for appellant.

Defendant was entitled to the affirmative charge as to the second count of the indictment. Adams v. State, 18 Ala. App. 143, 90 So. 42; Smith v. State, 20 Ala. App. 442, 102 So. 733; Watkins v. State, 20 Ala. App. 246, 101 So. 334; Martin v. State, 20 Ala. App. 593, 104 So. 287. It was error to admit evidence of the size of the still. Gowen v. State, 18 Ala. App. 542, 93 So. 281. Charges on reasonable doubt should have been given. Dawkins v. State, 19 Ala. App. 501, 98 So. 492.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The evidence offered by the state presented a jury question. The affirmative charge was properly refused. White v. State, 20 Ala. App. 65, 101 So. 66; Mason v. State, 16 Ala. App. 405, 78 So. 321. The capacity of the still was a material fact. Horton v. State, 20 Ala. App. 55, 100 So. 620.

BRICKEN, P. J. [1] From the judgment entry we note that a plea of misnomer was filed by the defendant in this case, to which the state interposed demurrer, and that the demurrer was overruled by the court; whereupon issue was joined upon said plea, and this issue was found in favor of the state by the jury. The record, however, does not contain the plea in question, nor the evidence adduced upon the trial of this issue, nor is there shown any adverse ruling of the court in this connection; therefore this question is not presented for our consideration.

The defendant was convicted by the jury of the charge contained in the second count of the indictment, which was the unlawful possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages. The state rested its case upon the evidence of J. W. Lambert, who testified that he was the Sheriff of Cullman county.

Several questions are presented upon this appeal, but the principal insistence is that the evidence adduced upon this trial was insufficient to overcome the presumption of innocence which attended the accused, and that defendant was therefore entitled to the general affirmative charge requested in writing.

In an able and comprehensive brief filed in behalf of appellant by his counsel, many cases of this, and other courts, are cited, and copiously quoted.

[2, 3] We have given careful, attentive consideration to all the evidence adduced upon this trial, and are forced to conclude that a jury question was presented. This being true, the trial court was without authority to direct the verdict; hence there was no error in refusing the affirmative charge. We find in the evidence many incriminating facts and circumstances, tending to show the guilt of this defendant; all these coupled with the un-

disputed fact that this appellant denied his identity when accosted by the sheriff at his home near the still at the time of his arrest, as stated, made a case for the jury. In this connection the record shows the following testimony of Sheriff Lambert:

"I saw the defendant, Alph Gay, that morning in the house just about good ᴠdaylight. I had a conversation with him. I did not promise him anything or hold out any inducement to him, or threaten him, or offer him any reward, or hope thereof, or any one else in my presence, in order to have him talk. When I knocked at the door, he opened it. I asked him if this was Alph Gay, and he said, 'No;' and I asked him, 'Where is he?' and he said, 'He has just left here.' I said, 'I think you are the man I want.' And Mr. Jackson was standing just behind me, and he said, 'Good morning, Alph.' I just told him to put on his clothes and get ready that I would have to put him under arrest on account of this still. He told me Alph Gay had just gone from there."

[4] It was permissible and proper for the state to prove the size and kind of still he found near the home of this appellant, this was of the res gestæ, and the exceptions reserved to the court's rulings in this connection are clearly without merit. We have examined each of the exceptions taken to the rulings of the court upon the admission of the evidence. They are all so entirely free from error of an injurious nature we shall not discuss them separately.

Refused charges 1, 2, 3, are affirmative charges. From what has been said the defendant was not entitled, under the conflicting evidence in this case, to have the court direct a verdict in his favor. The evidence presented a jury question.

[5, 6] Charge 4 refused to defendant announces a correct statement of law and would be appropriate in argument. It was refused as a charge without error, the court having properly and explicitly stated to the jury the measure of proof involved in this case. As a charge, the statement was otherwise objectionable, in that it authorized and required the jury to ascertain and refer to rules of evidence "in all other criminal cases." The court, as stated, properly instructed the jury as to the rules of evidence under which this case was to be tried.

[7] Refused charge 8 relates to the bias or financial interest of the sheriff who testified as a witness for the state in this case. This charge was not only fairly and substantially covered by the oral charge of the court, but was specifically covered by one of the charges given at request of defendant.

[8] The remaining refused charges relate to "reasonable doubt." In the court's oral charge this subject was ably and fully covered. The court was therefore under no duty to repeat these instructions to the jury. There was no error therefore in the refusal of charges 5, 6, and 7.

[9] We note that the full oral charge of the court, and also each of the given and refused charges, are set out in full in this transcript, not only in the record proper but also in the bill of exceptions. This is not necessary, and to do so entails unnecessary labor and expense. The oral charge of the court, and also the given and refused charges, should be incorporated in the record proper. There is no requirement that they should also appear in the bill of exceptions. Of course, should exceptions be reserved to any portion of the oral charge, it would be essential that these exceptions properly appear in the bill of exceptions.

We have examined this record and find no error. The judgment of the circuit court is therefore affirmed.

· Affirmed.